# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF ARIZONA

David C White,

        Plaintiff,

v.

Coin Hub, et al.,

        Defendants.

No. CV-26-01841-PHX-ASB

**REPORT AND RECOMMENDATION**

**TO THE HONORABLE STEPHEN M. MCNAMEE, SENIOR UNITED STATES DISTRICT JUDGE:**

This Report and Recommendation is filed pursuant to General Order 21-25.[1] On review of the Complaint filed in this action, undersigned finds the action must be dismissed for lack of subject matter jurisdiction. Thus, as more fully described below, undersigned recommends the Complaint be dismissed.

---

[1] In relevant part, General Order 21-25 provides:

When a United States Magistrate Judge to whom a civil action has been assigned pursuant to Local Rule 3.7(a)(1) considers dismissal to be appropriate but lacks the jurisdiction to do so under 28 U.S.C. § 636(c)(1) due to incomplete status of election by the parties to consent or not consent to the full authority of the Magistrate Judge,

IT IS ORDERED that the Magistrate Judge will prepare a Report and Recommendation for the Chief United States District Judge or designee.

IT IS FURTHER ORDERED designating the following District Court Judges to review and, if deemed suitable, to sign the order of dismissal on my behalf: Phoenix/Prescott: Senior United States District Judge Stephen M. McNamee[.]

Federal courts can hear only those cases that the Constitution and Congress have authorized them to adjudicate, such as cases involving diversity of citizenship or a federal question, or cases to which the United States is a party. *See Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994)). Therefore, federal "[c]ourts have an independent obligation to determine whether subject-matter jurisdiction exists, even when no party challenges it." *Hertz Corp. v. Friend*, 559 U.S. 77, 94 (2010) (citations omitted).

"[A] federal court may dismiss *sua sponte* if jurisdiction is lacking." *Primous v. City of Phoenix Police Dept.*, No. CV-07-1680-PHX-DGC, 2007 WL 2669904, at *1 (D. Ariz. Sept. 10, 2007) (quoting *Fiedler v. Clark*, 714 F.2d 77, 78 (9th Cir. 1983) and citing *Mansfield, Coldwater & Lake Mich. Ry. Co. v. Swan*, 111 U.S. 379, 382 (1884), *Franklin v. Or. State Welfare Div.*, 662 F.2d 1337, 1342 (9th Cir. 1981)). "While a party is entitled to notice and an opportunity to respond when a court contemplates dismissing a claim on the merits, it is not so when the dismissal is for lack of subject matter jurisdiction." *Id.* (quoting *Scholastic Entm't, Inc. v. Fox Entm't Group, Inc.*, 336 F.3d 982, 985 (9th Cir. 2003). Moreover, the Rules require that "[i]f the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." Fed. R. Civ. P. 12(h)(3).

The party asserting federal jurisdiction bears the burden of proving jurisdiction is present. *Kokkonen*, 511 U.S. at 377 (citing *McNutt v. General Motors Acceptance Corp.*, 298 U.S. 178, 182-83 (1936)). The "presence or absence of federal question jurisdiction is governed by the 'well pleaded complaint rule,' which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987).

In his form Complaint, Plaintiff asserts the basis for this Court's jurisdiction is "federal question jurisdiction." (Doc. 1 at 3.) However, Plaintiff leaves blank the portion of the form that directs him to "list the specific federal statutes, federal treaties, and/or provisions of the United States Constitution that are at issue in this case." (*Id.*) Similarly, in the section of the Complaint entitled "Statement of Claim," Plaintiff cites to no basis for federal question jurisdiction. (*See id.* at 4.) Instead, Plaintiff includes a paragraph in which,

from what undersigned can discern, Plaintiff alleges he has an "investment account" with a cryptocurrency platform and he is owed funds by the various named Defendants, although he does not make clear who all the Defendants are or how they face liability.  (*See id.*)  After reviewing the Complaint, undersigned can find no basis for federal question jurisdiction on its face.

Undersigned notes that in a document attached to the Complaint, a "commitment letter" contains the following, highlighted language: "In the event of any dispute, the parties shall resolve it through negotiation; if negotiation fails, the dispute shall be submitted to the United States District Court for the District of Arizona for adjudication/arbitration." (*Id.* at 8.)  This "commitment letter," however, does not vest this Court with subject matter jurisdiction.  Rather, the Court would derive its jurisdiction only through "power authorized by Constitution and statute."  *Kokkonen*, 511 U.S. at 377.

Because subject matter jurisdiction is not properly pled in the Complaint, undersigned will recommend that the Court dismiss this action without prejudice.  *Drouin v. Thrive Autism Servs. LLC*, No. CV-24-1261-PHX-SMM, 2025 WL 3144175, at *2 (D. Ariz. Mar. 10, 2025) ("As the Court does not have jurisdiction over the claim, the dismissal of this action is not an adjudication on the merits, and therefore will be dismissed without prejudice.") (citing *Freeman v. Oakland Unified Sch. Dist.*, 179 F.3d 846, 847 (9th Cir. 1999).  And when the Complaint is liberally construed, it appears Plaintiff could plausibly invoke the Court's jurisdiction; thus, undersigned would recommend permitting Plaintiff to amend his Complaint.  *See Primous*, 2007 WL 2669904, at *2 (dismissing for lack of subject matter jurisdiction without prejudice and allowing leave to amend when invocation of jurisdiction was possible).

**IT IS THEREFORE RECOMMENDED** that the Court:

1. Dismiss without prejudice Plaintiff's Complaint (Doc. 1) for lack of subject matter jurisdiction;

2. Permit Plaintiff to file an Amended Complaint within 14 days from the date the Court's Order is filed, or the Clerk of Court shall close this matter; and

- 3 -

3. Direct Plaintiff that the Amended Complaint must comply with Rule 8(a) of the Federal Rules of Civil Procedure and include all of the claims that he wishes to allege, jurisdictional basis, and the allegations that his claims are based upon, even if he previously presented them in the original Complaint. No part of the original Complaint may be incorporated by reference.

This recommendation is not an order that is immediately appealable to the Ninth Circuit Court of Appeals. Any notice of appeal pursuant to Rule 4(a)(1), Federal Rules of Appellate Procedure, should not be filed until entry of the district court's judgment. The parties shall have 14 days from the date of service of a copy of this recommendation within which to file specific written objections with the Court. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 6(a), 6(b) and 72. Thereafter, the parties have 14 days within which to file a response to the objections.

Failure to timely file objections to the Magistrate Judge's Report and Recommendation may result in the acceptance of the Report and Recommendation by the district court without further review. *See United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003). Failure to timely file objections to any factual determinations of the Magistrate Judge will be considered a waiver of a party's right to appellate review of the findings of fact in an order of judgment entered pursuant to the Magistrate Judge's recommendation. *See* Fed. R. Civ. P. 72.

Dated this 4th day of May, 2026.

_____
Honorable Alison S. Bachus
United States Magistrate Judge

- 4 -